UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| REBECCA A. COX,<br><br>    Plaintiff,<br><br>v.<br><br>PHIL BARBARICK and UNITED STATES OF AMERICA,<br><br>    Defendant. | Case No. 4:19-cv-00497-DCN<br><br>**MEMORANDUM DECISION AND ORDER RE.: GOVERNMENT'S MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (DKT. 9)** |

## I. INTRODUCTION

Pending before the Court is Defendants Phil Barbarick and United States of America's (collectively, the "Government") Motion to Dismiss Defendant Rebecca A. Cox's Amended Complaint. Dkt. 9. Having reviewed the record and briefing, the Court finds the facts and legal arguments are adequately presented. Accordingly, in the interest of avoiding further delay, and because the Court finds the decisional process would not be significantly aided by oral argument, the Court will decide the Motion without oral argument. Dist. Idaho Loc. Civ. R. 7.1(d)(1)(B). For the reasons set forth below, the Court GRANTS in PART and DENIES in PART the Government's Motion to Dismiss Plaintiff's Amended Complaint.

## II. BACKGROUND

On October 11, 2019, Plaintiff Rebecca Cox filed a small claims action in state

court. Dkt. 1-6. She alleged that on October 10, 2017, Barbarick[1] hit her horses on the open

range of Highway 28 in Idaho. *Id*. at 1–2. On December 16, 2019, Barbarick removed the

case to federal court pursuant to 28 U.S.C. § 2679(d)(2)[2] and added the United States of

America as a defendant. Cox has pursued this case pro se in front of this Court.

The Government moved to dismiss on December 23, 2019. The Government argued

that, due to its sovereign immunity, Cox's claims should have been asserted under the

Federal Tort Claims Act ("FTCA"). 28 U.S.C. §§ 1346(b) & 2671–2680. According to the

Government, the FTCA requires Cox to exhaust her administrative remedies. Because Cox

failed to show that she had done so, the Government moved the Court to dismiss this case.

Cox never responded to the Government's motion to dismiss.

On April 1, 2020, the Court granted the Government's motion to dismiss. Dkt 7. It

held:

> Pursuant to 28 U.S.C. § 2679(d)(2) and the certification provided by the
> United States Attorney for the District of Idaho, Cox's claim is deemed to be

---

[1] Barbarick was allegedly employed as an Environmental Protection Specialist for the U.S. Department of Interior, Bureau of Land Management, at the time of the incident. Dkt 1-7.

[2] This subsection states:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

28 U.S.C. § 2679(d)(2).

MEMORANDUM AND DECISION & ORDER - 2

against the United States. As such, Cox must comply with the FTCA's procedures, namely exhausting her administrative remedies.

There is nothing in the briefing or in the record that indicates Cox has commenced any administrative procedures for her claim, much less exhausted them. Thus, the Court must dismiss the Cox's Complaint.

*Id*. at 4–5. The Court also "dismisse[d] Cox's Complaint as she has failed to submit a response to the Government's motion." *Id*. at 5 (citing Dist. Idaho Loc. Civ. R. 7.1(e)(1)). However, the Court granted Cox leave to amend her complaint and mandated that any amended complaint should detail her efforts to exhaust her administrative remedies.

On May 15, 2020, Cox filed her Amended Complaint. Dkt. 8. In it, she alleges that she had sent a claim via counsel to Mel M. Meier, an Attorney Advisor for the United States Department of Interior, Pacific Northwest Region, Boise Field Office on May 14, 2018, but never received a response, despite her counsel following up multiple times. Thus, she alleges she has exhausted her administrative remedies because "[t]he United States failed to deny or settle the claim for more than one year after the claim was submitted to them." *Id*. at ¶ 12.

On May 29, 2020, the Government filed the pending Motion to Dismiss Cox's Amended Complaint. Dkt. 9. The Government stated in its accompanying memorandum that it did not find a record of any effort by Cox to exhaust her administrative remedies but *did* find a record of Cox's daughter, Shawnee Cox, making an administrative claim in which she indicated that both of the horses involved in the accident at issue belonged to her. Dkt. 9-1. The Government also argued Cox failed to file a claim with the appropriate government agency within two years of the alleged loss, and that her claim is thus time

barred pursuant to 28 U.S.C. § 2401(b). The Government moved for the case to be dismissed with prejudice. Cox did not respond to the Government's motion.

### III. LEGAL STANDARD

When subject matter jurisdiction is challenged pursuant to Federal Rule of Civil Procedure 12(b)(1), the plaintiff bears the burden of persuasion. *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)). A party who brings a Rule 12(b)(1) challenge may do so by referring to the face of the pleadings or by presenting extrinsic evidence. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Rule 12(b)(1) jurisdictional attacks can be either facial or factual . . . .").

If the jurisdictional attack is facial, the challenger asserts that the allegations contained in a complaint are insufficient on their face to establish federal jurisdiction. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004). When assessing this type of jurisdictional attack, a court must consider the allegations of the complaint to be true and construe them in the light most favorable to the plaintiff. *Love v. United States*, 915 F.2d 1242, 1245 (9th Cir. 1988).

"By contrast, in a factual attack, the challenger disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Safe Air*, 373 F.3d at 1039. In resolving a factual attack on jurisdiction, the court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment. *Id.* (citing *Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003)); *see also*

*White*, 227 F.3d at 1242. Once the moving party has converted the motion to dismiss into a factual motion, the burden shifts to the party opposing the motion to prove subject matter jurisdiction exists. *Safe Air*, 373 F.3d at 1039 (quoting *Savage,* 343 F.3d at 1039 n. 2).

## IV. ANALYSIS

### A.  Exhaustion of Administrative Remedies

"Before a plaintiff can file an FTCA action in federal court" the plaintiff "must exhaust the administrative remedies for his claim." *D.L. by & through Junio v. Vassilev*, 858 F.3d 1242, 1244 (9th Cir. 2017) (citing 28 U.S.C. § 2675(a)); *see also Wilson v. Astrue*, 333 Fed. App'x 179, 180 (9th Cir. 2009) ("The district court properly determined that [plaintiff's] failure to exhaust administrative remedies under the Federal Tort Claims Act deprived the district court of jurisdiction over [plaintiff's] tort law claims.") (citation omitted); *Alexander v. United States*, 12 F. App'x 555, 555 (9th Cir. 2001) ("The district court properly dismissed [plaintiff's] FTCA claim for lack of subject matter jurisdiction because he failed to exhaust his administrative remedies.") (citation omitted). "An administrative claim is deemed exhausted once the relevant agency finally denies it in writing, or if the agency fails to make a final disposition of the claim within six months of the claim's filing." *D.L.*, 858 F.3d at 1244. "The FTCA's exhaustion requirement is jurisdictional and may not be waived." *Id*.

If Cox failed to exhaust her administrative remedies, the Court does not have subject matter jurisdiction over her claims. The Government implicitly acknowledges Cox's complaint is facially sufficient to establish federal jurisdiction, at least with regards to the exhaustion of administrative remedies, but challenges the truth of Cox's allegation that she

exhausted her administrative remedies. In such a factual attack, the Court need not presume the truthfulness of the plaintiff's allegations and may review evidence beyond the complaint.

In support of its Motion to Dismiss, the Government provided a declaration by Lisa Doehl, the Attorney-Advisor with the United States Department of the Interior, Office of the Solicitor, Division of General Law, Torts Practice Branch. Dkt. 9-2. In her declaration, Doehl attested that she had located an administrative claim relating to the accident described in the Amended Complaint, but it was made by Shawnee Cox, and not by plaintiff Rebecca Cox. *Id*. at ¶ 3. Doehl attached the claim she found relating to the alleged accident described in the Amended Complaint made by *Shawnee* Cox (Rebecca Cox's daughter) to her declaration. Dkt. 9-2. In the claim, Shawnee Cox attests that she owned the two horses killed in the alleged incident. In contrast, Rebecca Cox claims in the Amended Complaint that she owned the two horses that were killed.[3]

Doehl also contacted the Office of the Solicitor, Pacific Northwest Region, Boise Field Office and the Bureau of Land Management, who reviewed the records of the Idaho State Office and the Idaho Falls District Office. Doehl states that she was informed that none of these offices had a record of a claim filed by Rebecca Cox relating to the alleged incident.

"Once the moving party has converted the motion to dismiss into a factual motion

---

[3] The Amended Complaint, signed by Plaintiff Rebecca Cox, states that "One of the said horses (Joey) belonged to the Plaintiff. The other horse (Cheyenne) belonged to Plaintiff's mother, Rebecca Cox." Dkt. 8 at ¶ 8. Clearly, there is an error in the Amended Complaint. The Court leaves it to Plaintiff to correct if she chooses to file another amended complaint.

by presenting affidavits or other evidence properly brought before the court, the party opposing the motion must furnish affidavits or other evidence necessary to satisfy its burden of establishing subject matter jurisdiction." *Savage v. Glendale Union High Sch.,* 343 F.3d 1036, 1039 n. 2 (9th Cir. 2003) (citing *White,* 227 F.3d at 1242). Cox did not respond to the Government's second motion to dismiss. Nor did she provide any evidence, beyond her unsupported allegations in her Amended Complaint, that she exhausted her administrative remedies. Cox has not met her burden of establishing subject matter jurisdiction because she has not presented evidence that she exhausted her administrative remedies prior to bringing her FCTA claim in federal court.

### B. Timing

An FTCA claim against the United States is barred "unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing . . . of notice of final denial of the claim by the agency to which it was presented." 28 U.S.C. § 2401(b).

The Government argues that Cox's motion should be dismissed without leave to amend because, contrary to what she alleged in her Amended Complaint, Cox did not submit a claim within two years of her alleged loss to the appropriate government agency. Cox did not respond to the Government's arguments.

"After a party has amended a pleading once as a matter of course, it may only amend further after obtaining leave of the court, or by consent of the adverse party." Fed. R. Civ. P. 15(a)." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). Leave to amend pleadings shall be freely given when justice so requires. Fed. R. Civ. P.

15(a). Courts apply Rule 15 with extreme liberality. *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003) (citations omitted). In determining whether a motion to amend should be granted, the court generally considers five factors: (1) undue delay; (2) bad faith; (3) futility of amendment; (4) prejudice to the opposing party; and (5) whether the plaintiff has previously amended the complaint. *United States v. Corinthian Colls.*, 655 F.3d 984, 995 (9th Cir. 2011) (citation omitted). These factors are not weighted equally: futility of amendment alone can justify the denial of a motion to amend. *Ahlmeyer v. Nev. Sys. of Higher Educ.*, 555 F.3d 1051, 1055 (9th Cir. 2009).

Here, Cox's complaint appears *facially* sufficient for subject matter jurisdiction; it is simply *factually* insufficient. It is impossible to tell whether amendment would be futile at this stage since Cox has repeatedly failed to respond in any way to the Government's motions—with evidence or arguments. Thus, the Court will grant Cox leave to amend one more time. Given the uncontested evidence the Government has provided that subject matter jurisdiction is not met, the Court cautions Cox that if she decides to amend a second time she must include sufficient allegations to plausibly suggest she timely exhausted her administrative remedies. As written, the current Amended Complaint does not meet this threshold requirement. Cox is further cautioned that failing to respond to dispositive motions wastes the Court's and the Defendants' time; future non-responsiveness by Cox to either Defendants' motions or the Court's orders may result in sanctions, including dismissal of the case with prejudice for failure to prosecute.

## C.  Local Civil Rule 7.1(e)

In addition to the Government's exhaustion of remedies argument, the Court also

dismisses Cox's Amended Complaint as she has failed to submit a response to the Government's second motion to dismiss. Local Civil Rule 7.1(e) states that "if an adverse party fails to timely file any response documents required to be filed under this rule, such failure may be deemed to constitute a consent to the sustaining of said pleading or the granting of said motion or other application." Dist. Idaho Loc. Civ. R. 7.1(e)(1). Here, Cox's response to the Government's motion was due on June 19, 2020. As of the date of this decision, she has not filed any response. As such, Cox's failure to respond constitutes a separate ground for dismissal.

## V. ORDER

**IT IS HEREBY ORDERED THAT**:

1. The Government's Motion to Dismiss (Dkt. 9) is GRANTED in Part and DENIED in PART. It is granted insomuch that Cox's Amended Complaint is dismissed, denied insomuch that it is dismissed without prejudice.

2. Cox's Amended Complaint (Dkt. 8) is DISMISSED WITHOUT PREJUDICE. Cox may submit an amended complaint within thirty (30) days of this Order. Failure to do so will result in the dismissal of this case with prejudice, without further notice.

DATED: July 13, 2020

David C. Nye
Chief U.S. District Court Judge